

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-93,076-01

### EX PARTE SYLVESTER HALLMAN MOORE, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 15,995A IN THE 294TH DISTRICT COURT FROM VAN ZANDT COUNTY

**YEARY, J., filed a concurring opinion in which KELLER, P.J., and SLAUGHTER, J., joined.**

### CONCURRING OPINION

In 2002, Applicant, Sylvester Hallman Moore, was convicted of murder and sentenced to ninety-nine years' imprisonment. The Fifth Court of Appeals affirmed his conviction in 2004. *Moore v. State*, No. 05-03-01121-CR, 2004 WL 1832885 (Tex. App.—Dallas Aug. 17, 2004) (not designated for publication). In 2021, Applicant filed this application for writ of habeas corpus in the county of conviction, alleging that his trial counsel was ineffective. TEX. CODE CRIM. PROC. art. 11.07.

Today, the Court remands this application to the trial court to further develop the record. I agree this application should be remanded, and so I join the Court's order doing so. But I write separately, as I have previously, to address my thoughts concerning the

doctrine of laches and its possible application to this case. *See Ex parte Smith*, 444 S.W.3d 661 (Tex. Crim. App. 2014) (holding a trial court has the authority to *sua sponte* consider the doctrine of laches); *Ex parte Sepeda*, No. WR-92,711-01, 2021 WL 2450089 (Tex. Crim. App. June 16, 2021) (per curiam) (not designated for publication) (Yeary, J., concurring) (reviewing *Ex parte Smith*'s holding and the principles that justify a trial court's *sua sponte* authority to consider laches).

The doctrine of laches ought to be considered in a case like this one. Applicant's trial occurred in 2002, but this application was not filed until nearly nineteen years later.[1] In addition, the record is silent regarding circumstances that may excuse Applicant's delay.

Consistent with this Court's precedent, the trial court may, *sua sponte*, give Applicant the opportunity to explain the reasons for the delay. It may also give the State's prosecutors and/or former counsel for Applicant an opportunity to state whether Applicant's delay has caused any prejudice to their ability to defend against Applicant's claims. And ultimately, the trial court may include findings of fact and conclusions of law concerning the doctrine of laches in its response to this Court's remand order.

With these additional thoughts, I join the Court's order.

FILED:                     September 29, 2021
DO NOT PUBLISH

---

[1] "Our revised approach will permit courts to more broadly consider the diminished memories of trial participants and the diminished availability of the State's evidence, both of which may often be said to occur beyond five years after a conviction becomes final." *Ex parte Perez*, 398 S.W.3d 206, 216 (Tex. Crim. App. 2013) (citing *Ex parte Steptoe*, 132 S.W.3d 434, 437–39 (Tex. Crim. App. 2004) (Cochran, J., dissenting)).